UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINNA SIKON

      Plaintiff,

                                 Case No. 17-12590

v.

                                 Honorable Victoria A. Roberts

PHC OF MICHIGAN, LLC., et al.,

      Defendants.

_____/

## <u>ORDER</u>

The Court held a telephone conference with counsel on February 14, 2018 regarding discovery disputes. On the call were Deborah Gordon representing the Plaintiff and Aron Karabel representing the Defendants. Based on the discussion held, the Court ORDERS:

1.  Defendant is to produce outstanding written discovery by Friday, February 16, 2018.

2.  Plaintiff must produces signed medical and employment record authorizations by Friday, February 16, 2018.

3.  Before filing motions to compel, the parties must meet and confer and send a joint letter to the Court outlining outstanding discovery issues.

4.  The parties must immediately schedule the four defense depositions agreed upon and the Plaintiff's deposition to occur in March. The depositions will alternate as previously agreed to by the parties.

5.  After these depositions are completed, the parties must discuss the possibility of mediation/facilitation, or whether additional discovery must be engaged in.

**Discovery Disputes**

Following the February 14, 2018 conference call, counsel notified the Court that a dispute remains over several items of written discovery requested by Defendants.

1.      Defendants' Request to Produce No. 17 seeks, "[a]ll documents in which you have written anything about your employment with Harbor Oaks, the matters described in the Complaint, or the separation of your employment with Harbor Oaks." Plaintiff say this request was overbroad, vague, and irrelevant. But, Plaintiff agrees to produce, and says she has produced, responsive documents related to the matters described in the Complaint, and Plaintiff's wrongful termination. Defendants argue that this proposed production is too narrow.

Defendants assert an after-acquired evidence defense; they say certain requested documents may be relevant to Plaintiff's claims for reinstatement, back pay, and front pay. Specifically, Defendants say that are entitled to know whether Plaintiff possesses anything in violation of Harbor Oaks' policies that could be relevant to this defense, including confidential and/or proprietary information. However, Plaintiff says Defendants do not cite any reason to believe that she possesses such information, making the request an unwarranted fishing expedition.

Plaintiff cites *Oates v. Target Corp.*, 2012 WL 6608752, *1 and *Tribula v. SPX Corp.*, 2009 WL 87269, *2 to support her position that Defendants must say why they believe the requested documents contain information relevant to an after-acquired evidence defense. However, both *Oates* and *Tribula* dealt with requests for records from prior employers which the defendants said would show that plaintiffs were

untruthful in the application process, or otherwise not qualified for their jobs. *Oates*, 2012 WL 6608752 at *3; *Tribula*, 2009 WL 87269 at *5.

This case is distinguishable from *Oates* and *Tribula*, and more in keeping with *Jones v. Nissan N. Am., Inc.* There, the Sixth Circuit recognized that the after-acquired evidence defense is available where a plaintiff seeks front pay and reinstatement, as Plaintiff does here, and an employer seeks to show that the "employee would have been terminated anyway had the employer known of wrongful conduct by the employee plaintiff." *Jones v. Nissan N. Am., Inc.*, 438 Fed. Appx. 388, 405 (6th Cir. 2011). The after-acquired evidence defense generally bars the employee from obtaining front pay and reinstatement, and limits backpay. *Id. See also Bazzi v. YP Adver. & Publ, LLC*, 2016 U.S. Dist. LEXIS 13064, *3 (E.D. Mich. Feb. 3, 2016) (where district court judge upheld magistrate judge's reasoning that "metadata may lead to evidence of conduct in violation of company policy that could be relevant to Defendant's after-acquired evidence defense" and ordered the plaintiff to disclose such metadata).

The Court finds that such documents are relevant to Defendants' after-acquired evidence defense, and orders Plaintiff to comply with Defendants' Request to Produce No. 17.

2.      Defendants' Request to Produce No. 18 seeks, "[a]ll text messages between you and any individual either currently or formerly employed by Harbor Oaks." Again, Plaintiff say this request was overbroad, vague, and irrelevant. Plaintiff agrees to produce, and says she has produced, responsive documents related to the matters described in the Complaint, and Plaintiff's wrongful termination, which Defendants again argue is too narrow.

Plaintiff indicated that there are text messages between her and union representatives regarding her employment, and that such text messages are protected by a union-union member privilege. Plaintiff says that although such a privilege has not been considered by the Sixth Circuit or Michigan state courts, this privilege has been upheld in a case before the National Labor Relations Board*, Cook Paint & Varnish Co*., 258 NLRB 1230, 1231 (1981). Defendants maintain that no such privilege exists in the Sixth Circuit. According to Defendants, these text messages are relevant because any of Plaintiff's communication with the union likely concern Plaintiff's employment terms and conditions, and/or an individual or group grievance related to staffing, safety, and/or other Hospital conditions.

Defendants cite *NetJets Aviation, Inc. v. NetJets Ass'n of Shared Aircraft Pilots*, 2017 U.S. Dist. LEXIS 129354 (S.D. Ohio, Aug. 15, 2017) to support their position that no union-union member privilege exists in this circuit. In *NetJets*, the district court cited several federal courts across the country which declined to recognize the privilege, due to a lack of precedential authority. *Id.* at *11-12. Like the party asserting the privilege in *NetJets*, Plaintiff "offers no binding case law to support [her] assertion that a union-union member privilege exists and protects against disclosure." *Id.* at *10.

Further, in *Cook Paint*, "the NLRB declined to create a 'blanket rule' and 'emphasize[d] that [its] ruling … does not mean that all discussions between employees and stewards are confidential and protected by the Act.'" *United Gov't Sec. Officers of Am. v. Pinkerton Gov't Servs.*, 2010 U.S. Dist. LEXIS 2269, *20 (E.D. Tenn. Jan. 12, 2010) (quoting *Cook Paint*, 258 NLRB at 1232).

The Court declines to recognize a union-union member privilege, and orders Plaintiff to produce the text messages she is currently withholding on this basis.

**Scheduling**

1.      Depositions

The parties agree that depositions will be largely completed by **April 20, 2018**, covering nineteen individuals and perhaps a few others whose roles and identities are learned through discovery.

2.      Discovery Cut Off

The parties agree that **May 31, 2018** will be the date discovery closes.

**Settlement Conference**

The parties agree that a settlement conference should be held after the close of discovery. Accordingly, the settlement conference scheduled for April 18, 2018 is CANCELLED.

A new settlement conference is set for **June 28, 2018 at 2:00 PM**. However, if the parties agree to pursue outside facilitation, they must arrange and complete that by June 15, 2018. Otherwise, settlement statements are due by **June 21, 2018** (See attached Confidential Settlement Statement Requirements).

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  March 7, 2018